UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL INDICTMENT |
| v. | ) | |
| | ) | NO. 1:11-CR-192-JEC/LTW |
| ERIN HACKNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR PRODUCTION OF
## POSTAL INSPECTORS' ROUGH NOTES

COMES NOW the Defendant, Erin Hackney, by and through the undersigned counsel and hereby submits this Motion for the production of the Postal Inspectors' rough notes. In support therefore, Mr. Hackney shows the Court the following:

Mr. Hackney is charged in a four count indictment. Count 4 charges Mr. Hackney with a making false representation to United States Postal Inspectors in violation of 18 U.S.C. §1001. Specifically, Count 4 reads as follows:

Count Four:

On or about the September 20,1010, in the Northern District of Georgia, the defendant, Erin Hackney, in a matter within the jurisdiction of the United State Government, that is, a criminal investigation conducted by the United States Postal Inspection Service, did knowingly and willfully make materially false, fictitious,

and fraudulent statements and representations, that is, in an interview with Postal Inspectors Gina Harrell, Kemie Green, Eric George, and Tracy Jefferson the defendant stated that he did not know Terrence Langford, that he did not recognize a picture of Terrence Langford as anyone he had done business with, and that he had not purchased coins, jewelry, gold, and/or silver from Terrence Langford, in violation of Title 18, United States Code, Section 1001.

As Count 4 alleges false statements made to inspectors, Mr. Hackney requests the original notes of the Postal Inspectors in question regarding their interview with Mr. Hackney. Mr. Hackney seeks these interview notes as it was that interview that forms the basis of Count 4 of the Indictment.

Mr. Hackney believes that these will reflect the actual commission of the crimes alleged in Count 4 of the Indictment, making a false statement to the inspectors during the course of the interview. Thus, this is not simply a matter of documenting Rule 16 discovery (i.e., a defendant's statement); or complying with the *Jencks Act* obligations (the inspector's "statement" of what occurred during the interview).

The rough notes in this case are the equivalent of a "surveillance tape" of the *corpus delecti* of the crime alleged in Count 4. Declining to provide this surveillance tape, and providing, instead, only one inspector's second-version description of the interview does not suffice. Such result is susceptible to an interpretation that the rough notes reveal that the conversation was not, in fact,

precisely as described in Inspector Harrell's Memorandum of the Interview. That interpretation is antithetical to the government's duty to comply with its various discovery obligations as reflected in the recent D.O.J. Guidelines. *See also United States v. Deli, Inc.*, 151 F.3d 938 (9th Cir. 1998) (finding that the government violated *Brady* when it only turned over a report of an interview, but did not furnish the rough notes of the interview to the defendant); *United States v. Pellulo*, 105 F.3d 117 (3rd Cir. 1997) (holding that the government's failure to reveal rough notes was a *Brady* violation); *United States v. Molina-Guevara*, 96 F.3d 698 (3rd Cir. 1996) (finding that the rough notes that contained additional statement of witness should have been turned over to the defense).

Further, the new DOJ Guidelines—while not binding on the Court—are particularly persuasive in connection with the necessity of carefully, meticulously, reviewing an agent's rough notes and, especially, when those notes reflect an interview of the defendant. *See DOJ Guidelines*, ¶ 8(c) (p. 6).

The agents' notes of the interview of Mr. Hackney must be provided to the defense. In the alternative, they should be provided to the Court for an *in camera* inspection and made a Court Exhibit.

WHEREFORE, Mr. Hackney prays that this Court

  (1) Grant this Motion;

(2) Order the government to produce to the defense the inspectors' notes of their interview with Mr. Hackney; or, in the alternative;

(3) Order the government to produce the notes to the Court for an *in camera* inspection; and

(4) Grant such other and further relief as this Court deems just, proper and equitable under the circumstances

Respectfully submitted,

            GARLAND, SAMUEL & LOEB, P.C.

            */s/ Kristen Wright Novay*
            Kristen Wright Novay
            Ga. State Bar #742762

3151 Maple Drive, NE
Atlanta, Georgia 30305
404-262-2225
Fax 404-365-3847
kwn@gsllaw.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL INDICTMENT** |
| v. | ) | |
| | ) | **NO. 1:11-CR-192-JEC/LTW** |
| **ERIN HACKNEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2011, I electronically filed the within and foregoing *Motion for Production of Postal Inspectors' Rough Notes* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

*/s/ Kristen Wright Novay*
Kristen Wright Novay
Ga. State Bar #742762

5